LAFAYETTE TRANSPORTATION SERVICE, INC. v. THE COUNTY OF ROBESON, SAM R. NOBLES, COMMISSIONER OF ROBESON COUNTY, HOWARD M. COOPER, COMMISSIONER OF ROBESON COUNTY, HERMAN DIAL, COMMISSIONER OF ROBESON COUNTY, CARL L. BRITT, COMMISSIONER OF ROBESON COUNTY, J. A. SINGLETON, JR., COMMISSIONER OF ROBESON COUNTY, GEORGE R. PATE, COMMISSIONER OF ROBESON COUNTY, AND W. D. WELLINGTON, COMMISSIONER OF ROBESON COUNTY, SANITATION SERVICES, INC. AND JAMES PORTER

No. 7216SC750

(Filed 29 December 1972)

Counties § 2— authority of county to grant licenses for collection of "garbage"

The statute authorizing counties to regulate the collection and disposal of "garbage," G.S. 153-272, relates only to putrescible wastes;

consequently, the trial court properly determined that a county had authority to issue exclusive licenses to collect and dispose of putrescible solid wastes constituting "garbage" in specified areas but that the county had no authority to grant an exclusive right to collect and dispose of non-putrescible solid wastes constituting "rubbish" or "trash."

Judge VAUGHN dissents.

APPEAL by defendants from *McKinnon, Judge,* 19 July 1972 Session of Superior Court held in ROBESON County.

This is a civil action wherein plaintiff, LaFayette Transportation Service, Inc., seeks to enjoin the defendant, Robeson County, from withholding issuance of an "approval letter" which is, by regulation, a prerequisite to approval of "solid waste disposal facilities and operations" by the State Board of Health and to have declared null and void a resolution of the Board of Commissioners of Robeson County purporting to grant to defendants, Sanitation Services, Inc., and James Porter, exclusive franchises to collect and dispose of "trash and garbage" in all of Robeson County excluding incorporated cities and towns.

The trial judge made findings and conclusions which, except where quoted, are summarized as follows:

In 1966 plaintiff contracted with B. F. Goodrich Company, Footwear Division, to collect and dispose of "solid waste" from the Robeson County plant. "The waste includes scrap fabric and rubber material, cardboard and cartons, paper and other waste from the offices and rest rooms, and the waste from such food as employees may carry in lunches or buy from vending machines in the lunchrooms of the plant." Since 1969 plaintiff has provided similar services for TexFi industries, a textile manufacturer. Plaintiff disposes of this material in a landfill which it owns in Robeson County. Defendants, Sanitation Services, Inc., and James Porter, are also engaged in waste collection and disposal in Robeson County. At the meeting of the Board of Commissioners on 6 December 1971, ". . . action was taken with respect to exclusive rights and franchises for garbage collection and disposal . . . and thereafter written instruments labeled, 'Exclusive Franchise and Agreement' were entered into between the County of Robeson and Sanitation Services, Inc. . . . and James Porter . . . respectively." Plaintiff has applied to the Tax Collector of Robeson County for a license required by an ordinance adopted by the Board of Commissioners on 6 December 1971, but has been denied a license because of the

existence of the exclusive franchise agreements. Plaintiff, because of the exclusive franchise agreement, has also been denied an "approval letter" from the County Commissioners which is required by regulation of the State Board of Health.

The court made the following pertinent "conclusions of law":

"1. [U]nder the authority of G.S. 153-272 and the Resolutions and Ordinance adopted by the Board of Commissioners of Robeson County the power of the Board to issue licenses to collect and/or dispose of garbage; to prohibit the collection and/or disposal of garbage by unlicensed persons; and to grant to licensed persons the exclusive right to collect and/or dispose of garbage within a specified area, is limited to 'garbage' as given its ordinary and accepted meaning.

2. For the purposes of this action, the Court adopts as the ordinary and accepted meaning of the words 'garbage' and 'rubbish' the definitions contained in 'The Rules and Regulations Governing the Storage, Collection, Transportation and Disposal of Refuse in Robeson County, North Carolina' adopted by the Robeson County Board of Health on January 28, 1971, as follows:

'B. The word "garbage" means all putrescible solid wastes, including vegetable matter, animal offal, and carcasses of small animals (100 pounds or less), but excluding human body wastes, animal manure, and recognizable industrial by-products. Used milk cartons, or other discarded food containers that are not dry and clean shall be included in this definition.'

'C. The word "rubbish" means non-putrescible solid wastes.'

3. That the industrial solid wastes shown to have been removed and disposed of by plaintiff from The B. F. Goodrich Company and from TexFi Industries, do not constitute 'garbage,' with the exception of discarded food scraps, used milk cartons and other discarded food containers which are not dry and clean, but such industrial wastes constitute 'rubbish' as above defined, and the Court finds the word 'trash' as used in the Resolutions,

Ordinance and 'Exclusive Franchises and Agreements' is synonymous with 'rubbish.'

4. That as against the plaintiff the purported grant of an Exclusive Right or Franchise to pickup, collect, transport and dispose of trash or 'rubbish' within a specified area is ultra vires and void.

5. That as against the plaintiff the grant of an exclusive right to pickup, collect, transport and dispose of 'garbage' within the respective areas described in the Resolution and the 'Exclusive Franchises and Agreements' is a valid exercise of authority pursuant to G.S. 153-272.

6. That Robeson County may not withhold the granting of a license to plaintiff to collect, pickup, or dispose of industrial solid wastes which do not contain 'garbage' by reason of the existence of the 'Exclusive Franchises and Agreements' entered into with defendants, Sanitation Services, Inc., and James Porter, and the resolutions of December 6, 1971, and May 27, 1972.

7. That Robeson County may not withhold the granting of an 'approval letter' to plaintiff as may be required by the Rules and Regulations of the State Board of Health for Solid Waste Disposal Facilities by reason of the existence of those 'Exclusive Franchises and Agreements.' "

From an order enjoining Robeson County from withholding the granting of a license to plaintiff to collect or dispose of solid wastes which do not contain "garbage" and from withholding the issuance of an "approval letter" required by regulations of the State Board of Health, defendants appealed.

*Musselwhite & Musselwhite by Fred L. Musselwhite and Charlie S. McIntyre, Jr., for plaintiff appellee.*

*Eugene Boyce for defendant appellant (Sanitation Services, Inc.).*

*Ellis Page for defendant appellant (Robeson County).*

*W. Earl Britt for defendant appellant (James Porter).*

HEDRICK, Judge.

The one question presented on this appeal is whether the trial judge correctly interpreted the intention of the legislature in enacting G.S. 153-272 which provides:

> *"Control of private collectors.*—The board of county commissioners of any county is hereby empowered to regulate the collection and disposal of garbage by private persons, firms, or corporations outside of the incorporated cities and towns of the county for the purpose of encouraging and attempting to insure an adequate and continuing service of garbage collection and disposal where the board deems it to be desirable. In the exercise of such power, the board may issue a license to any private person, firm, or corporation to collect and/or dispose of garbage; may prohibit the collection and/or disposal of garbage by unlicensed persons, firms, or corporations; may grant to licensed persons, firms, or corporations the exclusive right to collect and/or dispose of garbage for compensation within a specified area and prohibit unauthorized persons, firms, or corporations from collecting and/or disposing of garbage within said area; and may regulate the fees charged by licensed persons, firms, and corporations for the collection and/or disposal of garbage to the end that reasonable compensation may be provided for such services. The board may adopt regulations pursuant to the power herein granted, and the violation of any such regulation shall be a misdemeanor, subject to a fine not exceeding fifty dollars ($50.00), or imprisonment not exceeding thirty days; each week that any such violation continues to exist shall be a separate offense."

Appellants contend that the trial court erred in concluding that "garbage" is:

> "[A]ll putrescible solid wastes, including vegetable matter, animal offal, and carcasses of small animals (100 pounds or less), but excluding human body wastes, animal manure, and recognizable industrial by-products. Used milk cartons, or other discarded food containers that are not dry and clean shall be included in this definition."

We do not agree.

---

Transportation Service v. County of Robeson

---

It is fundamental that "[i]n the enactment of a statute, earlier acts on the same subject are generally presumed to have been in the knowledge and view of the legislature which is regarded as having adopted the new statute in the light thereof and with reference thereto." 50 Am. Jur. *Statutes* § 354 (1944). In attempting to ascertain the legislative intent in enacting a statute, the terms of a statute are construed in light of related statutes then existing which are deemed to have been known and considered by the General Assembly. *Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1 (1966).

When G.S. 153-272 was enacted in 1961, G.S. 160-233, a related statute then existing, provided:

> *"Provide for removal of garbage.*—The governing body may by ordinance provide for the removal, by wagon or carts, of all garbage, slops, and trash from the city; and when the same is not removed by the private individual in obedience to such ordinance, may require the wagons or carts to visit the houses used as residences, stores, and other places of habitation in the city, and also may require all owners or occupants of such houses who fail to remove such garbage or trash from their premises to have the garbage, slops, and trash ready and in convenient places and receptacles, and may charge for such removal the actual expense thereof."

It seems clear that by the use of the word "trash" in connection with the word "garbage" in G.S. 160-233, the legislature intended that municipalities might enact ordinances providing for the collection and removal of both putrescible and non-putrescible wastes. The omission of the word "trash" in the 1961 enactment of G.S. 153-272 signifies the legislative intent to authorize counties to regulate the collection and disposal of only putrescible wastes.

The problem of the collection and disposal of waste of every sort, kind and description within the congested confines of our municipalities obviously varies considerably from that in our more rural and less congested counties. We think the legislature has recognized this difference by authorizing municipalities to enact ordinances for the collection and disposal of "solid wastes," G.S. 160A-192, while it has authorized counties to regulate only the collection and disposal of "garbage."

Judge McKinnon's order in no way interferes with the authority of Robeson County to regulate the collection and disposal of "garbage" in accordance with his definition of the word. The judgment appealed from is

Affirmed.

Judge GRAHAM concurs.

Judge VAUGHN dissents.